IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| DOLORES NAJERA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CIVIL NO. 2009-180 |
| A & J TOURS, INC., d/b/a "SCREAMIN' EAGLE" and "EAGLE ONE" and JANE and JOHN DOES I-V, | ) ) ) ) |
| Defendants. | ) ) |

MEMORANDUM AND ORDER

This matter came before the Honorable Ruth Miller, United States Magistrate Judge, on Thursday, July 15, 2010 for oral argument on plaintiff's motion to amend the complaint. Plaintiff was represented by Julie Evert, Esq., and defendant A & J Tours, Inc., d\b\a Screamin' Eagle and Eagle One ( "A & J Tours" or "defendant") was represented by James Bernier, Jr., Esq. By this motion, plaintiff seeks leave to amend the complaint to name as a defendant Henry Lee Hicks, a party previously identified as "John Doe," to assert certain claims against this new party, and to add a cause of action against the original defendant. Defendant opposes the motion.

RELEVANT FACTS

This action arises from an injury plaintiff suffered on or about August 11, 2008 aboard the Screamin' Eagle Jet Boat ("the vessel"). Plaintiff filed the instant action on December 16, 2009 against A & J Tours and Jane and John Does I-V, who plaintiff alleged represented the then unidentified captain and crew of the vessel. The current parties have substantially completed written discovery.

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15 (a). This provision has been liberally construed by the Supreme Court in *Forman v. Davis*, wherein the Court articulated the following policy:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or undeclared reasons– such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, etc. – the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

In its analysis of the policy articulated in *Forman v. Davis*, the Third Circuit noted that:

> [T]he trial court's discretion . . . must be tempered by considerations of prejudice to the non-moving party, for undue prejudice is the 'touchstone for the denial of leave to amend.' . . . In the absence of substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.

*Heyl & Patterson Int'l v. F.D. Rich Housing of the Virgin Islands*, 663 F.2d 419, 425 (3d Cir. 1981) (citations omitted). "Futility" denotes that "the complaint, as amended, would fail to state a claim upon which relief may be granted." *Shane v. Fauver*, 213 F. 3d 113, 115 (3d Cir. 2000).

Accordingly, "in assessing futility, a district court must apply the standard articulated in Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id*. "Thus, if the proposed amendment is 'frivolous or advances a claim or defense that is not legally sufficient, the court may deny leave to amend.'" *Boerger v. Commerce Insurance Services,* 2005 U.S. Dist. LEXIS 30239, *8 (D.N.J November 28, 2005). "Prejudice becomes undue when a party shows that it would be 'unfairly prejudiced.'" *Tutein v. Parry,* 48 V.I. 101, 108 (VI Super. Ct. 2006) (citation omitted). A party seeking leave to amend the complaint "has the burden of showing that justice requires the amendment." *Katzenmoyer v. City of Reading*, 158 F. Supp. 2d 491, 497 (E. D. Pa. 2001) (citation omitted).

## ANALYSIS

As noted, plaintiff seeks to amend the complaint to add Henry Lee Hicks, previously identified in the complaint as "John Doe," as a defendant in the action and to assert a cause of action for gross negligence against A & J Tours, Hicks and Jane and John Does I-V.[1] First, plaintiff contends that the motion should be granted because, as the applicable statute of limitations has not yet run on plaintiff's claims against Hicks, she could simply bring a separate lawsuit against him. Additionally, plaintiff contends that the defendant is not prejudiced by this addition because it was put on notice in the original complaint that she intended to assert a cause of action against the captain and the crew once they were identified. Finally, plaintiff contends

---

[1] In plaintiff's written motion, plaintiff moved to add a count for negligent hiring and supervision. However, at oral argument the Court noted, and plaintiff acknowledged, that plaintiff had asserted this cause of action in the original complaint. Accordingly, the Court will recognize that cause of action as filed in the original complaint.

that her motion is not dilatory or made in bad faith, since she moved to amend the complaint promptly when she learned of the captain's name.

Defendant asserts three reasons why plaintiff's motion to amend should be denied. First, defendant contends that the facts alleged in the proposed amended complaint do not support a cause of action for gross negligence and, therefore, to grant the motion to assert such a cause of action would be futile. Second, defendant contends that plaintiff's motion to amend the complaint is dilatory. In support of this contention, defendant asserts that plaintiff knew of Hicks' identity before the complaint was filed because (1) the parties had been engaged in significant settlement discussions, and (2) on May 4, 2010, plaintiff produced statements from plaintiff and plaintiff's daughter dated August 12, 2008, which identified Hicks as the captain of the vessel. Third, defendant asserts that it would be prejudiced because written discovery between the parties is substantially completed and to allow an additional defendant or claims to be added at this stage would necessitate another round of written discovery, and would delay the case.

With regard to the defendant's first contention, the Court notes that "[g]ross negligence is generally a question of fact for the jury to decide." *Booth v. Bowen*, 2008 U. S. Dist. LEXIS 1678, at *14 (D.V. I. January 10, 2008) (citing *Maleka Cohen v. Kids Peace Nat'l Inc.,* No. 06-3041, Fed. App. LEXIS 26441, at *6 (3d Cir. 2007)). The court in *Booth* further noted that "[a] court may decide the issue as a matter of law where the conduct in question falls short of gross negligence, the case is entirely free from doubt, and no reasonable jury could find gross negligence." 2008 U. S. Dist. LEXIS 1678, at *14. At this stage, the Court cannot find that

plaintiff's proposed amended complaint fails to allege facts sufficient to support a cause of action for gross negligence and that no reasonable jury could find gross negligence on the facts alleged. Defendant's argument in this regard is premature.

With respect to defendant's second contention, notwithstanding defendant's assertions that plaintiff knew of Hicks' identity prior to the filing of the lawsuit, the Court does not find that plaintiff's motion to amend the complaint is dilatory. Rather, although the parties may have been attempting to resolve this matter without having to name Hicks in this action, they were unable to do so. Thus, with the statute of limitations cut-off approaching, plaintiff simply moved to amend the complaint to add Hicks as a defendant to preserve her claims against him, and to avoid having to file a second suit to do so. Allowing this amendment thus serves the interest of judicial economy and is the most efficient use of the Court's and the parties' resources.

Finally, with regard to defendant's last contention, the Court recognizes that allowing plaintiff to amend the complaint may necessitate additional written discovery and additional time to conduct this discovery. However, allowing plaintiff to amend the complaint would not unfairly prejudice defendant because, notwithstanding that written discovery may be substantially completed, depositions have not yet commenced and both parties will need to conduct additional discovery to prepare the case for trial. Thus, because the case is still essentially in its initial stages, and because the defendant was on notice from the inception of the action that plaintiff would be naming the captain as a defendant when she learned his identity, the Court finds no unfair prejudice to defendant in permitting plaintiff to amend.

Accordingly, the Court finds that plaintiff's motion to amend the complaint to assert causes of action for gross negligence is not futile; that plaintiff was not dilatory in filing the motion to amend the complaint; that defendant will not be unduly prejudiced by granting plaintiff's motion to amend the complaint and that justice is best served by allowing plaintiff to amend the complaint.

For the foregoing reasons, plaintiff's motion is GRANTED; and it is further ORDERED that plaintiff's amended complaint shall be deemed filed as of the date of this Memorandum and Order.

DATED: August 6, 2010                    S\_____
                                                                                  **RUTH MILLER**
                                                                                 United States Magistrate Judge